UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ROCHE DIAGNOSTICS CORPORATION, )
ROCHE DIAGNOSTICS OPERATIONS, INC.,)
and CORANGE INTERNATIONAL LTD., )
      Plaintiffs, )
       )
vs. )    1:04-cv-01187-LJM-VSS
       )
HOME DIAGNOSTICS, INC., )
      Defendant. )

**ORDER ON DEFENDANT'S MOTION TO BIFURCATE**

This cause is now before the Court on defendant's, Home Diagnostics, Inc. ("HDI"), Motion to Bifurcate Liability and Damages. HDI argues that pursuant to Federal Rule of Civil Procedure 42(b) ("Rule 42(b)"), the Court should separate adjudication of the issues in this case into two proceedings, one on liability, including infringement and validity, and one on damages, including lost profits, a reasonable royalty and willful infringement. HDI contends that the complexity of the issues in this case and the potential for prejudice to HDI if certain issues are tried simultaneously weigh in favor of bifurcation. Plaintiffs, Roche Diagnostics Corporation, Roche Diagnostics Operations, Inc. and Corange International Ltd. (collectively, "Roche"), oppose the motion.

For the reasons stated herein, the Court **DENIES** HDI's Motion to Bifurcate.

## I. BACKGROUND

In this case Roche contends that certain glucose monitoring systems made and sold by HDI infringe Roche's U.S. Patent No. 5,366,609 ("the '609 patent").[1] The '609 patent is directed to a biosensing meter with a pluggable memory module that enables substantial reconfiguration of test procedures and parameters employed by the meter. U.S. Patent No. 5,366,609, col. 3, *ll.* 19-22 ("'609 Patent"). The technology of the '609 patent is based, in part, on electrochemisty and, in other part, on digital and analog circuits used in electrochemical biosensing devices.

Claim 1 of the '609 patent is the only claim at issue. For reference, Claim 1 reads:

> 1. A biosensing meter for receiving a sample strip that includes a sample well with an analyte reactant therein, said biosensing meter comprising:
>
> > sense means for outputting signals indicative of manifestations of a reaction in said sample well between an analyte-containing fluid and said analyte reactant;
> >
> > pluggable memory key means for insertion into an electrical receptacle in said meter, said pluggable memory key means including a plurality of stored parameter values and procedure routine specifications that are employed in controlling execution of an algorithm performed by said meter that enables determination of an analyte concentration value, said procedure routine specifications including stored values from which time values can be determined for controlling said sense means during execution of said algorithm; and
> >
> > processor means coupled to said memory key means and responsive to parameter values and procedure routine specifications accessed from said pluggable memory key means, for controlling operation of said sense means in accordance with said algorithm and for calculating from signal outputs from said sense means a concentration value of an analyte in said analyte-containing fluid in said sample well.

---

[1] Roche also contends that certain HDI blood glucose monitoring systems infringe Roche's U.S. Patent No. Re. 36,268 ("the '268 patent), however, the Court has previously determined that the '268 patent is unenforceable due to inequitable conduct. *See* Mem. & Opinion on Defs.' Inequitable Conduct Countercl., at 33.

*Id.* col. 8, *l.* 54 to col. 9, *l.* 11.

The Court construed several disputed terms of this claim and determined that two of those terms are written in means-plus-function format, "sense means" and "pluggable memory key means," and need analyzed under the rubric developed for such claims.

Roche also contends that HDI willfully infringed the '609 patent because there is evidence that HDI copied the patented invention. Roche asserts that Gary Neel ("Neel"), who previously worked for Roche and was involved in engineering and design projects related to blood glucose meters there, now works for HDI and has worked on the accused meters. Roche alleges that Neel helped HDI incorporate certain features of the '609 patented invention into HDI's accused products.

If a jury finds HDI liable to Roche for infringement and willful infringement, Roche seeks lost profits, reasonably royalty and treble damages.

In addition to Roche's claims for infringement, HDI has brought defenses and counterclaims regarding the invalidity of the '609 patent. HDI asserts that resolution of its defenses and counterclaims would require the jury to decide issues of equivalents, anticipation, obviousness, indefiniteness, and written description requirements.

## II. DISCUSSION

HDI contends that bifurcation is appropriate in this case because it involves complicated technology and sophisticated legal issues coupled with the potential for unfair prejudice to HDI if willfulness is tried at the same time as infringement. HDI points to the two facets of the '609 patented technology, the electrochemistry portion and the software portion, as evidence of the complexity of the infringement issues. Moreover, the technology will further complicate the issues

involved in the invalidity analysis the jury must undertake. In addition, HDI asserts, because Roche seeks a combination of lost profits and a reasonable royalty, the jury will necessarily struggle with testimony from multiple expert witnesses as well as a complicated legal standard for each type of damages.

In contrast, Roche contends that the issues in this case are no more complex than in any other patent infringement action. Moreover, bifurcation of the willful infringement and damages issues from the liability issues will require duplication of testimony on at least three points: copying (relevant to infringement under the doctrine of equivalents, secondary considerations of nonobviousness, and willful infringement); long-felt need; and commercial success attributable to the patented invention. Roche also argues that bifurcation of the liability issues from the willfulness issue would be prejudicial to Roche. Roche avers that because the proper inquiry under willful infringement is the totality of the circumstances, the proof is inextricably intertwined with that for infringement. To bifurcate those issues, Roche continues, would allow two different juries to weigh the evidence and, perhaps, draw different conclusions. In such a case, Roche states, it would be deprived of a fair trial.

After evaluating the parties' arguments, the Court concludes that bifurcation is unnecessary in this case. Rule 42(b) provides, in relevant part:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, . . . counterclaim, . . . or of any separate issue or of any number of claims . . . counterclaims . . . or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statue of the United States.

Fed. R. Civ. P. 42(b). The Court may order separation if only one of the stated criteria is met, either avoidance of prejudice or judicial economy. *See Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999) (citing *MCI Commc'n v. Am. Tel. & Tel. Co.*, 708 F.2d 1081, 1166 (7th Cir. 1983)). However, the Court must ensure that a decision to bifurcate does not unfairly prejudice Roche, the non-moving party, or violate the Seventh Amendment. *See id.* (citations omitted).

Although HDI argues that the complexity of the issues in this case is a factor in favor of bifurcation, the crux of HDI's argument is that Roche's evidence of copying in support of its willful infringement claim is prejudicial. HDI contends that Roche's evidence of copying is weak and presentation of that evidence during the liability phase would unduly inflame the jury against HDI. But, the Court agrees with Roche that evidence of copying is relevant to more than willful infringement and would need presented, to some degree, in both phases of a bifurcated trial if willfulness is tried separately from infringement.

Furthermore, in their briefs the parties presented their arguments about copying to the Court.[2] Upon review of those arguments, the Court concludes that there is no apparent prejudice to HDI's case from presentation of the facts surrounding that issue in the liability phase. In other words, assuming that neither parties' summary judgment motion is successful, the Court sees no prejudice to HDI's defenses or counterclaims if Roche presents its evidence of copying at the same time it presents its evidence of infringement and/or its defenses to HDI's claims of invalidity. HDI will

---

[2] The Court notes that Roche filed a Motion for Leave to File a Surreply to which HDI objected. The Surreply was proffered to rebut HDI's contention that Roche overstates the strength of its evidence of copying. Because the parties' memoranda had sufficiently apprised the Court of the conflict over Roche's evidence on that issue, the Court finds it unnecessary to consider any further evidence and/or argument on it. For this reason, Roche's Motion for Leave to File a Surreply is **DENIED**.

have equal opportunity to cross examine the relevant witnesses or to proffer testimony to the contrary from its own witnesses. Any prejudice that becomes apparent later may be cured with an appropriate limiting instruction.

Moreover, HDI offers no evidence that the complexity of this case is any different from other patent cases to warrant bifurcation. In fact, there is only one claim at issue, and the disputed terms in that claim are relatively few in number. Further, the trial in this matter is scheduled to last fifteen days. There has been no indication from the parties that more time is necessary and, in the Court's experience, fifteen days is not an extraordinarily long time to try a patent case. Although the Court agrees that the technology in this case may seem daunting to a lay person, with only a single claim at issue explanation of that technology should not require undue time or require excessive witnesses or exhibits. Likewise, HDI has presented no evidence that the damages issues here are more complex than those in any other patent case.

In summary, in its discretion, the Court concludes that HDI has failed to show either prejudice or judicial economy such that the issues of infringement and validity should be tried separately from the issues of willful infringement and damages.

## III. CONCLUSION

For the reasons stated herein, defendant's, Home Diagnostics, Inc., Motion to Bifurcate Liability and Damages is **DENIED**. Plaintiffs', Roche Diagnostics Corporation, Roche Diagnostics Operations, Inc. and Corange International Ltd., Motion for Leave to File a Surreply is also **DENIED**.

IT IS SO ORDERED this 15th day of December, 2006.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distributed electronically to:

Helen K. Geib
BARNES & THORNBURG LLP
helen.geib@btlaw.com

Brent Allen Harris
ROCHE DIAGNOSTICS CORPORATION
brent.harris@roche.com

Paul B. Hunt
BARNES & THORNBURG LLP
paul.hunt@btlaw.com

Donald E. Knebel
BARNES & THORNBURG LLP
donald.knebel@btlaw.com

Larry A. Mackey
BARNES & THORNBURG LLP
larry.mackey@btlaw.com

Deborah Pollack-Milgate
BARNES & THORNBURG
dmilgate@btlaw.com

Aaron M. Staser
BARNES & THORNBURG LLP
aaron.staser@btlaw.com

Lynn C. Tyler
BARNES & THORNBURG
lynn.tyler@btlaw.com

Jackie M. Bennett Jr.
SOMMER BARNARD ATTORNEYS, PC
jbennett@sommerbarnard.com

Don O. Burley
FINNEGAN HENDERSON FARABOW GARRETT
    & DUNNER
don.burley@finnegan.com

David J. Hensel
SOMMER BARNARD ATTORNEYS, PC
dhensel@sommerbarnard.com

Tina E. Hulse
FINNEGAN HENDERSON FARABOW GARRETT
    & DUNNER, LLP
tina.hulse@finnegan.com

Robert D. Litowitz
FINNEGAN HENDERSON FARABOW GARRETT
    & DUNNER, LLP
rob.litowitz@finnegan.com

Laura P. Masurovsky
FINNEGAN HENDERSON FARABOW GARRETT
    & DUNNER, LLP
laura.masurovsky@finnegan.com

Barbara Clarke McCurdy
FINNEGAN HENDERSON FARABOW GARRETT
    & DUNNER, LLP
barbara.mccurdy@finnegan.com

Kristin L. Menon
FINNEGAN HENDERSON FARABOW GARRETT
    & DUNNER, LLP
kristin.menon@finnegan.com

F. Anthony Paganelli
SOMMER BARNARD ATTORNEYS, PC
paganelli@sommerbarnard.com

Erik R. Puknys
FINNEGAN HENDERSON FARABOW GARRETT
    & DUNNER, LLP
erik.puknys@finnegan.com

Aaron Mark Raphael
FINNEGAN HENDERSON FARABOW GARRETT
    & DUNNER, LLP
aaron.raphael@finnegan.com