```
                  UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF INDIANA
                      INDIANAPOLIS DIVISION


ROCHE DIAGNOSTICS CORPORATION,      )
ROCHE DIAGNOSTICS OPERATIONS,       )
INC.,                               )
CORANGE INTERNATIONAL LTD.,         )
                                    )
            Plaintiffs,             )
       vs.                          ) NO. 1:04-cv-01187-LJM-JMS
                                    )
HOME DIAGNOSTICS, INC.,             )
                                    )
            Defendant.              )
```

### **ENTRY ON MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

This cause is before the magistrate judge on the plaintiffs' Second Motion to Compel Production of Documents. This motion has been fully briefed by the parties, and the magistrate judge, being duly advised, GRANTS the plaintiffs' motion to compel as set forth below.

### Background

Plaintiffs Roche Diagnostics Corporation, Roche Diagnostics Operations, Inc., and Corange International, Ltd. ("Roche") filed a complaint against Home Diagnostics, Inc. ("HDI") alleging patent infringement pursuant to 35 U.S.C. § 271 et. seq. The complaint has been amended twice since its original filing. Roche filed its first motion to compel production of documents and deposition testimony on damages issues on March 23, 2006, and requested a discovery conference. A discovery conference was conducted on May 9, 2006, at which time the subject matters of the discovery disputes which precipitated the motion to compel were thought by the Court to have been resolved. One of the matters involved discovery and deposition testimony regarding financial information possessed by HDI that was sought as part of Roche's effort to determine potential damages. The case chronology does not establish, however, that

the May 9, 2006 conference involved Roche's request for financial records of foreign sales information for the TrueTrack and TrackEASE meters and strips.

### Roche's Motion to Compel

The subject of Roche's second motion to compel is HDI's refusal to provide financial records for its international sales of the TrueTrack and TrackEASE meters and strips. Roche contacted HDI's counsel to obtain said documents. HDI refused to produce them on the grounds that they were not relevant in this case because Roche's complaint did not explicitly assert infringement under §271(f), which contemplates infringement outside of the United States. Similarly, HDI filed its response in opposition to Roche's motion to compel these documents with the same argument, and additionally argues that Roche's request is untimely.

On the issue of relevance, the Court finds Roche's arguments persuasive. Under the liberal notice pleading standard set forth in Federal Rule of Civil Procedure 8(a), a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief. *Fed. R. Civ. P. 8(a)(2)*. Such a statement should set out facts sufficient to outline the basis of the claim but does not need to outline a cause of action or a specific legal theory as long as it contains sufficient facts to put the defendant on notice of the basis of the claim. *Kyle v. Morton High School,* 144 F.3d 448, 456 (7th Cir. 1998). Roche's complaint states a claim for patent infringement pursuant to 35 U.S.C. §271 and gives notice to the defendants of the product that is the basis of the infringement. The complaint alleges HDI's product directly infringes, contributorily infringes, and/or induces infringement of Roche's patents. §271(f) contemplates inducing infringement. The language in the complaint is sufficient to give HDI fair notice of a claim pursuant to §271(f).

The Court finds a recent Seventh Circuit decision to be instructive. Though not identical,

a similar issue was raised in *Murata Mfg. Co. v. Bel Fuse, Inc*., 422 F. Supp. 2d 934 (D. Ill. 2006). In its defense of a patent infringement case, Bel Fuse made a similar challenge to a discovery request for foreign sales records by Murata. In addressing Bel Fuse's relevancy challenge, the Court noted:

> The Federal Rules of Civil Procedure authorize the broadest scope of discovery, *Deitchman v. E.R. Squibb & Sons, Inc*., 740 F.2d 556, 566 (7th Cir. 1984), and relevance under Rule 26(b)(1) is construed more broadly for discovery than for trial. *Truswal Systems Corp.*, 813 F.2d at 1211; *Speller v. United States*, 14 Cl.Ct. 170, 172 (1988). Indeed, given the minimal notice-pleading system established by the Federal Rules of Civil Procedure, *Kolupa v. Roselle Park District*, 438 F.3d 713, 2006 WL 306955 (7th Cir. 2006), discovery is not even limited to issues raised by the pleadings, because discovery itself is designed to help define and clarify what the issues are. *Oppenheimer Fund, Inc.*, 437 U.S. at 351. "Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." *Id*. *See also* Wright & Miller, Federal Practice and Procedure § 2008 (2002 pocket part). Patent infringement cases are not exceptions to the rule that discovery is liberal and relevancy is broadly construed. Katz v. Batavia Marine & Sporting Supplies, Inc., 984 F.2d 422, 424 (Fed. Cir. 1993).
>
> *Id.* at 945.

The court went on to note that "discovery need only be relevant to the subject matter involved in the pending action. Indeed, its scope need not even be confined to 'issues raised by the pleadings' or 'the merits of a case.'" (citations omitted) *Murata* at 946. Like Murata, Roche has pled a claim for inducement of infringement. Thus, the Court finds that foreign sales are

relevant to that claim within the meaning of Rule 26(b)(1).

HDI also argues that Roche's motion to compel is untimely in that Roche had been put on notice nearly a year ago that HDI was refusing to produce international sales data on relevancy grounds. The Court notes that in Defendant Home Diagnostics, Inc.'s Objections and Responses To Plaintiffs' Amended Notice of 30(b)(6) Deposition for January 30, 2006, served on counsel for the plaintiff's by hand delivery and/or mail January 26, 2006, HDI objected to Roche's deposition topic #2 regarding profitability "to the extent that it seeks information regarding the Accused Product outside of the United States." (Exhibit 4 of Home Diagnostic's Opposition to Roche's Second Motion to Compel Production of Documents). HDI did not, however, raise such a specific objection to the Request for Production of Documents submitted by Roche. (Exhibit 1 of Home Diagnostic's Opposition to Roche's Second Motion to Compel Production of Documents).

The Court notes that because of the 30(b)(6) deposition issues that later became the subject of the first motion to compel, Roche was not able to question the appropriate witness regarding international sales at the January 30, 2006 deposition. That deposition, which was suspended, was not concluded until October 20, 2006. The Court technically agrees with Roche's position that this subject was not ripe for the first motion to compel because there had yet been no refusal to answer those questions by any witness. After the January 30th deposition and attempts by Roche to resolve the discovery issues pursuant to Local Rule 37.1, Roche filed its first motion to compel and a discovery conference was held. The issue of international sales data, however, was not a subject of the first motion to compel or the discovery conference. The record reveals that both Roche and HDI were aware of this potential dispute at the time of the conference. The Court is perplexed as to why neither Roche nor HDI sought resolution of the

foreign sales issue at that time. The discovery conference would have been an appropriate opportunity to discuss any and all discovery disputes between the parties, regardless of the prematurity, in the interest of judicial economy. Either party, both clearly knowing this to be an issue, could have brought this matter to the Court's attention at the discovery conference. In the Court's view therefore, there is enough blame about timing to go around, and the Court rejects HDI's claim of untimeliness.

Roche additionally asks this Court to order HDI to reimburse them for the reasonable attorneys' fees and expenses incurred in connection with making their second motion to compel. The Court, for the reasons stated above, denies this request.

Accordingly, Roche's Second Motion to Compel Production of Documents is **GRANTED**, and Roche's request for attorneys' fees and expenses is **DENIED.**

02/14/2007

Copies to:

Jackie M. Bennett Jr.
SOMMER BARNARD ATTORNEYS, PC
jbennett@sommerbarnard.com

Don O. Burley
FINNEGAN HENDERSON FARABOW GARRETT & DUNNER
don.burley@finnegan.com

Helen K. Geib
BARNES & THORNBURG LLP
helen.geib@btlaw.com

Brent Allen Harris
ROCHE DIAGNOSTICS CORPORATION
brent.harris@roche.com

David J. Hensel
SOMMER BARNARD ATTORNEYS, PC
dhensel@sommerbarnard.com

Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

Tina E. Hulse
FINNEGAN HENDERSON FARABOW GARRETT & DUNNER L.L.P.
tina.hulse@finnegan.com

Paul B. Hunt
BARNES & THORNBURG LLP
paul.hunt@btlaw.com

Donald E. Knebel
BARNES & THORNBURG LLP
donald.knebel@btlaw.com

Robert D. Litowitz
FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP
rob.litowitz@finnegan.com

Larry A. Mackey
BARNES & THORNBURG LLP
larry.mackey@btlaw.com

Laura P. Masurovsky
FINNEGAN HENDERSON FARABOW GARRETT & DUNNER, LLP
laura.masurovsky@finnegan.com

Barbara Clarke McCurdy
FINNEGAN HENDERSON  FARABOW GARRETT & DUNNER, LLP
barbara.mccurdy@finnegan.com

Kristin L. Menon
FINNEGAN HENDERSON FARABOW GARRETT & DUNNER, LLP
matthew.tueller@finnegan.com

F. Anthony Paganelli
SOMMER BARNARD ATTORNEYS, PC
paganelli@sommerbarnard.com

Deborah Pollack-Milgate
BARNES & THORNBURG
dmilgate@btlaw.com

Erik R. Puknys
FINNEGAN HENDERSON FARABOW GARRETT & DUNNER, LLP
erik.puknys@finnegan.com

Aaron Mark Raphael
FINNEGAN HENDERSON FARABOW GARRETT & DUNNER, LLP

aaron.raphael@finnegan.com

Aaron M. Staser
BARNES & THORNBURG LLP
aaron.staser@btlaw.com

Lynn C. Tyler
BARNES & THORNBURG
lynn.tyler@btlaw.com